# In the United States Court of Federal Claims

No. 15-50 C
(Filed: November 20, 2015)

* * * * * * * * * * * * * * * * * * * * * *
CHRISTOPHER L. KANNADY,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant*.
* * * * * * * * * * * * * * * * * * * * * *

42 U.S.C. § 3374(f); prohibition of judicial review; RCFC 12(b)(1)

*Eric S. Montalvo*, Washington, DC, for plaintiff.

*Jessica L. Cole*, Trial Attorney, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Bryant G. Snee*, Deputy Director.

## OPINION

Plaintiff Christopher Kannady, currently a Major in the Air National Guard, challenges a decision by the Deputy Under Secretary of Defense to deny reimbursement for mortgage interest, taxes, and hazard insurance premiums allegedly owed to him under 42 U.S.C. § 3374 (2012). Pending are defendant's motion to dismiss pursuant to Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1) and (6) and plaintiff's motion for judgment on the administrative record. Oral argument is deemed unnecessary. Because the governing statute, 42 U.S.C. § 3374, precludes judicial review of the denial, defendant's motion to dismiss pursuant to RCFC Rule 12(b)(1) is granted.

## BACKGROUND

In 1966, Congress passed the Demonstration Cities and Metropolitan Development Act, which authorized the Homeowner's Assistance Program ("HAP"). HAP was created as a financial safety net for eligible military and civilian federal employees whose property value had been adversely affected

by specific events such as base closures or a reduction-in-scope of operations. *See* 42 U.S.C. § 3374; *see also* 32 C.F.R. § 239.1(a) (2011).

In 2009, as part of the American Recovery and Reinvestment Act ("ARRA"), Public Law 111-5, Congress temporarily expanded HAP to provide assistance to additional categories of claimants including service member homeowners undergoing Permanent Change of Station moves during the mortgage crisis. *See* 32 C.F.R. § 239.1. This ARRA-enlarged program is known as "Expanded HAP." *Id.* Applicants who qualified for Expanded HAP because of permanent reassignment needed to postmark their applications no later than September 30, 2012. *See* 32 C.F.R. § 239.6 (a)(4). As amended by Section 1001 of the ARRA, 42 U.S.C. § 3374 authorizes the Secretary of Defense, under specified conditions, to either (1) purchase a home that an eligible applicant is unable to sell; (2) reimburse the applicant for the closing costs plus an amount not to exceed the difference between the applicable percentage of the Prior Fair Market Value ("PRMV") and the sales price; or (3) pay the applicant's legally enforceable liabilities directly associated with a foreclosed mortgage. *See* 32 C.F.R. § 239.5(a).

In 2006, plaintiff purchased a home near the Marine Corps Recruit Depot in Parris Island, South Carolina while on active duty with the Marine Corps. In 2008, plaintiff received Permanent Change of Station ("PCS") orders, which transferred him to the Pentagon in Washington, D.C. In light of his PCS orders, plaintiff applied for assistance from Expanded HAP on June 23, 2009. Eventually[1], plaintiff found a private buyer, and the Army determined that the gross amount due to plaintiff was $203,186.40 pursuant to 32 C.F.R.

---

[1] Although plaintiff and defendant both state that the government acquired title to plaintiff's home on June 23, 2010, the facts in the record do not support that allegation. Rather, the plaintiff's contract to sell his home establishes that he sold his home to a private buyer on December 31, 2009. *See* PA 6. Although it appears that plaintiff originally requested "government acquisition" of his home in his original June 23, 2009, application for Expanded HAP, subsequent developments must have paved the way for a private party to purchase the home on December 31, 2009. Therefore, the Navy agreed to reimburse plaintiff for certain losses "not to exceed the difference between the applicable percent of the PFMV and the sales price." 32 C.F.R. § 239.5 (a)(2). In plaintiff's memorandum in opposition to defendant's motion to dismiss, plaintiff acknowledges that he "*did* sell his house to a private party . . . ." Pl.'s Opp. 9 (emphasis in original).

§ 239.5 (a)(2). *See* PA 13. Plaintiff, however, believed that he was also entitled to reimbursement for additional categories of home-related expenses.

On July 23, 2010, plaintiff filed an appeal with the Deputy Under Secretary of Defense for Installations & Environment, asserting that the Army owed him for the mortgage interest, taxes, and hazard insurance premiums that he paid from the date of receipt of the application for benefits through the date the government acquired his property. *See* PA 23. Plaintiff alleged that the Army owed him an additional sum of approximately $15,500.00. *See id.* On May 2012, the Office of the Under Secretary of Defense denied his appeal. *See* PA 32.

On January 20, 2015, plaintiff filed the instant complaint, alleging that the Secretary's administration of the HAP is discriminatory against military service members and that the handing of his HAP application was arbitrary and capricious in that it denied him reimbursement for mortgage interest, property taxes, and hazard insurance premiums paid between June 23, 2009 and June 23, 2010.

DISCUSSION

Defendant moved to dismiss plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Pursuant to 12(b)(1), defendant moved to dismiss plaintiff's reimbursement claim because the statute authorizing HAP and Expanded HAP explicitly precludes judicial review of a benefit determination. Defendant argues that the language of 42 U.S.C. § 3374(f) clearly evinces Congress's intent to prevent judicial review of the Secretary's determinations. The statute provides that "all the determinations and decisions . . . by the Secretary of Defense regarding such payments and conveyances and the terms and conditions under which they are approved or disapproved, shall be final and conclusive and shall not be subject to judicial review." 42 U.S.C. § 3374(f).

In plaintiff's Opposition to Defendant's Motion to Dismiss, plaintiff acknowledges that the authorizing statute precludes judicial review of the Secretary's determinations, but endeavors to distinguish his complaint from a request to review a determination by the Secretary by emphasizing that he already received approval for HAP funds. It was only later that his reimbursement request was denied. As such, he "is not asking this Court to review his benefit determination or the factual underpinnings of the matter." Pl.'s Opp. 5. He asserts that the bar against judicial review found in the

applicable statute does not apply because he "is simply asking the Court to correct the government's failure of payment for benefits it determined [he] is eligible to receive." Pl.'s Opp. 6. Plaintiff notes that the Navy made the proper initial decision to grant him the funds through Expanded HAP but then erred by not reimbursing him for the full range of expenses. In sum, plaintiff asserts that the question of law raised by his claim – whether the Secretary misapplied the governing regulations to his reimbursement claim – is a proper subject for this court's review.

Generally, there is a presumption in favor of judicial review. *See Abbott Labs. v. Gardner*, 387 U.S. 136, 141 (1967). The presumption, however, is overcome "whenever the congressional intent to preclude judicial review is 'fairly discernible in the statutory scheme.'" *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 351 (1984) (quoting *Data Processing Service v. Camp*, 397 U.S. 150, 157 (1970)). In other words, if there is a "persuasive reason to believe" that Congress purposed to preclude judicial review, then courts will not review the matter. *See Abbot Labs.*, 387 U.S. at 140.

Here, the applicable portion of 42 U.S.C. § 3374, which is the statute authorizing HAP and Expanded HAP, provides the following:

> The title to any property acquired under this section, the eligibility for, and the amounts of, cash payable, and the administration of the preceding provisions of this section, shall conform to such requirements, and shall be administered under such conditions and regulations, as the Secretary of Defense may prescribe. Such regulations shall also prescribe the terms and conditions under which payments may be made and instruments accepted under this section, and all the determinations and decisions made pursuant to such regulations by the Secretary of Defense regarding such payments and conveyances and the terms and conditions under which they are approved or disapproved, shall be final and conclusive and shall not be subject to judicial review.

42 U.S.C. § 3374 (f). In light of the comprehensive prohibition in the statute, we agree with defendant that the statute specifically prohibits our review. Although plaintiff endeavors to side-step the statute's bar against judicial review, he fails to demonstrate that his claim does not qualify as a "determination[] and decision[] made pursuant to such regulations by the Secretary of Defense regarding such payments and conveyances and the terms

and conditions under which they are approved or disapproved." *Id.* The statute clearly states that the Secretary's decisions are immune from judicial review, and as such, this court does not have authority to subvert Congress's unambiguous intent.

We now turn to plaintiff's claim that the Secretary's application of HAP and its associated regulations discriminated against military service members. Defendant moved to dismiss this claim for lack of subject matter jurisdiction because this court does not have jurisdiction to entertain such a claim. *See Wildman v. United States*, 28 Fed. Cl. 494, 495 (1993) (citing *Anderson v. United States*, 22 Cl. Ct. 178, 179 n.2 (1990), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991)). Also, defendant notes that plaintiff "does not cite a statute upon which he bases [his civil rights] allegation." Def.'s Motion to Dismiss 9. Rather than contesting this argument further, plaintiff "concedes that this Court does not possess subject matter jurisdiction to hear the Civil Rights claim raised in his complaint." Pl.'s Opp. 7. Therefore, we grant defendant's motion to dismiss plaintiff's civil rights claim for lack of subject matter jurisdiction.

## CONCLUSION

Because it is clear that this court lacks jurisdiction to hear plaintiff's reimbursement claims, it is unnecessary to make a determination regarding defendant's 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.[2] We grant defendant's motion to dismiss for lack of jurisdiction. The Clerk is directed to dismiss the complaint for lack of jurisdiction and to enter judgment accordingly. No costs.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge

[2] Defendant moved to dismiss pursuant to RCFC Rule 12(b)(6) because plaintiff allegedly relied upon an outdated Army Corps of Engineers circular as grounds for his claim for additional reimbursements. We do not reach the merits on this argument because the motion is moot in light of defendant's successful 12(b)(1) motion.